TOWNE v. SNIFFIN.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

Appeal from Special Term.

Action by Paul R. Towne, executor of John R. Foley, deceased, against Elisha Sniffin. From an adverse judgment, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

William H. Harris, for appellant.
Montague Lessler, for respondent.

PER CURIAM. Judgment affirmed, with costs.

HOUGHTON, J. (dissenting). Plaintiff's testator and defendant were copartners in the real estate and insurance business, and dissolved their relations by mutual consent in the year 1900. Plaintiff's testator continued in occupation of the offices, and defendant executed to him a bill of sale of all office fixtures and furniture, and he gave back to defendant a chattel mortgage for $538.23 to secure the purchase price. Subsequently plaintiff's testator, in satisfaction of such mortgage, transferred such furniture and fixtures back to defendant, who at the same time gave to plaintiff's testator an agreement that upon payment within one year of the sum of $538.23, with interest, he would sell all such property to him. During all these transactions the property had not been removed from the office, and plaintiff's testator continued in possession of the office and of

the furniture from April, 1904, when the agreement to sell was executed and delivered, until his decease in March, 1907. At the time of the dissolution, and afterwards, plaintiff's testator was indebted to the defendant, and to secure such indebtedness he assigned a policy of life insurance to defendant. The proceeds of this policy came to defendant's hands, and in addition to the undisputed indebtedness he withheld the purchase price of the office furniture, with interest. This action was brought to obtain an accounting as to the funds coming to defendant's hands, and resulted in an adjudication that plaintiff's testator had purchased, but had not paid for, the furniture, and that defendant was entitled to retain the $538.23, with interest; and the plaintiff appeals from that part of the judgment so adjudicating.

There was no affirmative evidence as to whether plaintiff's testator availed himself of the privilege of buying the furniture and fixtures at the stipulated price nor was there any evidence that he paid or did not pay. The only ground upon which to base a finding that plaintiff's testator availed himself of the privilege of purchasing, and did purchase and not pay, is the fact that he remained in exclusive possession of the property for nearly two years after the expiration of the time within which he had the privilege of purchasing. It does not seem to me that such possession is sufficient to warrant the conclusion that he availed himself of the privilege of purchasing, and did not pay the stipulated price. It is true that in 1904 the furniture and fixtures belonged absolutely to the defendant. He voluntarily permitted them, however, to remain in the possession of plaintiff's testator, giving him an option of one year to purchase at a stipulated price. If retention of possession after the expiration of the option is to be deemed proof of the fact that plaintiff's testator availed himself of the option and did purchase, it seems to me that the presumption must be carried further, and it must be assumed that he complied with the terms of the option by paying the cash stipulated. The property was not to belong to the plaintiff's testator at the end of a year unless he paid the $538.23, with interest. If he continued in the undisturbed possession of the property, as the proof showed he did, after the expiration of the option, the presumption would be just as strong that he paid the money stipulated as that he accepted the privilege to buy. If the defendant had given no option to purchase, and the plaintiff's testator had retained possession and exercised exclusive dominion, the situation would have been quite different. In that case it might be assumed that plaintiff's testator had purchased, and the burden would be on plaintiff to show that he had made payment. On facts disclosed, however, the presumption of purchase cannot be indulged in without assuming, also, that the terms of the purchase were complied with and the cash payment required actually made.

The finding, therefore, that plaintiff's testator purchased, but did not pay, cannot be upheld, and I think that part of the judgment appealed from should be reversed, and a new trial granted of that issue alone, with costs to the appellant to abide the event.